**Richard NAWRACAJ, Appellant**

**v.**

**GENESYS SOFTWARE SYSTEMS, INC., PeopleStrategy, Inc., Appellees**

**NO. 14–15–00602–CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 7, 2017.

Norma Laura Erazo De Santos, Christopher Raney, Houston, TX, for Appellant.

David Eric Kassab, Lance Christopher Kassab, Houston, TX, for Appellees.

Panel consists of Justices Christopher, McCally (not participating), and Busby.[1]

## OPINION

J. Brett Busby, Justice

This interlocutory appeal from the denial of a special appearance presents the following question: when a lawyer who is not a Texas resident appears in a Texas court to represent a nonresident client, and the client wishes to sue the lawyer for malpractice and other claims related to the representation, do Texas courts have specific personal jurisdiction over the lawyer with regard to those claims? We conclude that the answer is yes.

Appellant Richard Nawracaj is an attorney licensed to practice law in Illinois. He represented appellees PeopleStrategy, Inc. and its wholly owned subsidiary Genesys Software Systems, Inc. (collectively Genesys)[2] in various matters, including a lawsuit Genesys filed in federal court in Dallas. When local counsel in the federal litigation sued Genesys in state district court in Houston for non-payment of fees, Genesys filed a third-party petition against Nawracaj, alleging several causes of action regarding the services he provided to Genesys in the federal litigation. Nawracaj filed a special appearance, which the trial court denied after considering evidence submitted by the parties.

Nawracaj argues that his representation of Genesys in Texas is insufficient to give a Texas court specific personal jurisdiction over claims regarding that representation, and that exercising jurisdiction violates fair play given the Illinois arbitration clause in his engagement agreement with Genesys. We disagree because Nawracaj purposefully availed himself of the privilege and financial benefit of practicing law in a Texas court on behalf of his client Genesys, he recruited and supervised local counsel in Texas, and his practice and supervision are the basis of Genesys's claims against him.

## BACKGROUND

Nawracaj's relationship with Genesys began in July 2009, when he entered into an engagement agreement with the company to represent it in various matters. Several years later, Genesys decided to file an intellectual-property lawsuit in federal court in Dallas against Comerica Bank, a Texas corporation (the "federal litigation").[3] Because Nawracaj is an Illinois attorney not licensed to practice in Texas, he sought local counsel to assist with the litigation. Nawracaj began drafting the complaint while directing numerous telephone calls to Texas to identify suitable local counsel. Nawracaj billed Genesys over $1,000 for the time he spent soliciting,

1. After oral argument but before the court issued this opinion, Justice Sharon McCally completed her term and is no longer a Justice on this Court. The two remaining Justices have decided the case. *See* Tex. R. App. P. 41.1(b).

2. Genesys Software Systems, Inc., is a corporation organized and existing under the laws of the State of Massachusetts. PeopleStrategy, Inc., is a corporation organized and existing under the laws of the State of Delaware. Both companies engage in business in Texas but do not maintain a regular place of business in the state.

3. The Texas litigation involved two cases, each styled *Genesys Software Systems, Inc. v. Comerica Bank*, which were filed in the United States District Court for the Northern District of Texas, Dallas Division.

researching, and corresponding with potential local counsel.

After communicating with the Travis Law Firm in Texas, Nawracaj referred Genesys to the firm. Genesys hired the Travis firm to serve as local counsel and entered into a fee agreement directly with that firm. Nawracaj continued working on the case in Illinois and communicated regularly with the Travis firm. Nawracaj requested to receive service from the Dallas federal court. He also applied for and obtained admission *pro hac vice*, allowing him to represent Genesys in the State of Texas for purposes of the federal litigation. Nawracaj testified that he handled at least 90% of the work on the case.

According to Gregory R. Travis, he understood that the Travis firm was hired as "mere[ ] local counsel" and would fill a "support role." The pleadings filed with the court listed Gregory Travis as the "attorney in charge," but the parties agreed that the Travis firm would be "working closely" with Nawracaj and taking direction from him. Nawracaj assisted the Travis firm in the drafting and filing of all documents and pleadings, and Nawracaj drafted two pleadings without the Travis firm's involvement.

In February 2013, Genesys sent Nawracaj copies of invoices it had received from the Travis firm, which Genesys believed to be inflated. Nawracaj responded by advising Genesys not to pay the invoice because he believed the fees were unreasonable. He sent Genesys an email stating:

> Do not—repeat, do not—pay this. Or any other amount to The Travis Law Firm.
>
> I did the majority of the work on this matter (90% or so from my recollection). I am absolutely shocked at the total .... In my estimation, the most that should have been billed would be around $5,000 for the amount of work they did.

> ... I will happily take care of this matter ....

Genesys relied on Nawracaj's advice and did not pay the Travis firm's invoices.

The Travis firm later sued Genesys for unpaid legal fees in state district court in Houston. Genesys counterclaimed for, among other claims, negligence, breach of fiduciary duty, breach of contract, and fraud. Genesys later amended its counterclaim and filed a third-party petition asserting the same causes of action against Nawracaj.

Nawracaj filed a special appearance, objecting to the trial court's exercise of personal jurisdiction over him. In its response, Genesys argued that Nawracaj's actions in recruiting local Texas counsel, obtaining permission to practice law in Texas, and committing a tort in whole or in part in Texas were sufficient to confer jurisdiction over him. After jurisdictional discovery, in which Nawracaj gave a deposition, the parties filed supplemental briefing on the special appearance. The trial court signed an order denying the special appearance, and Nawracaj filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (West 2015).

## ANALYSIS

In two issues, Nawracaj complains that the trial court erred by denying his special appearance. Nawracaj argues that the facts do not support specific personal jurisdiction because (1) Genesys's allegations were insufficient to bring Nawracaj within the provisions of the Texas long-arm statute; (2) Genesys did not prove that Nawracaj purposefully established minimum contacts with Texas; and (3) the assertion of personal jurisdiction over Nawracaj does not comport with traditional notions of fair play and substantial justice because the parties agreed to arbitration in Illinois. We address each argument in turn.

## I. Standard of review

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review *de novo*, but the trial court frequently must resolve questions of fact before deciding the question of jurisdiction. *Waller Marine, Inc. v. Magie*, 463 S.W.3d 614, 618 (Tex. App.–Houston [14th Dist.] 2015, no pet.). The trial court did not issue any findings of fact or conclusions of law with its special appearance ruling. Therefore, all factual findings necessary to support the court's ruling and supported by the evidence are implied. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). These implied findings are not conclusive and may be challenged for evidentiary sufficiency. *Id.* Although Nawracaj argues that the evidence is insufficient to support the exercise of personal jurisdiction, he does not dispute the jurisdictional facts. When the facts underlying the jurisdictional issue are undisputed, we review the trial court's determination *de novo. Nogle & Black Aviation, Inc. v. Faveretto*, 290 S.W.3d 277, 280–81 (Tex. App. Houston [14th Dist.] 2009, no pet.); *see also Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (applying *de novo* review when relevant facts were generally not disputed).

The scope of our review includes all evidence before the trial court on the issue of personal jurisdiction. *See Old Kent Leasing Svcs. Corp. v. McEwan*, 38 S.W.3d 220, 225 (Tex. App.–Houston [14th Dist.] 2001, no pet.); *see also Hotel Partners v. Craig*, 993 S.W.2d 116, 121 (Tex. App.–Dallas 1994, pet. denied). Here, the record includes the parties' pleadings, affidavits, deposition testimony, and other evidence acquired through jurisdictional discovery and submitted for the trial court's consideration in ruling on the special appearance.

## II. Genesys's allegations of a Texas tort are sufficient to subject Nawracaj to personal jurisdiction under the long-arm statute.

Texas courts may exercise jurisdiction over a nonresident defendant when (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (West 2015); *Moncrief Oil Int'l Inc., v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). The Texas long-arm statute authorizes the exercise of jurisdiction over a nonresident who does business in Texas. Tex. Civ. Prac. & Rem. Code § 17.042. A nonresident "does business" in Texas if, among other things, he "recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state" or "commits a tort in whole or in part in this state." *Id.* In its pleadings, Genesys alleged that Nawracaj conducted business in Texas by recruiting the Travis firm for employment in Texas and committing a tort while practicing law in Texas. In his first issue, Nawracaj argues these allegations are insufficient to satisfy the requirements of the long-arm statute.

We need not address the allegations regarding recruitment of the Travis firm at this stage because we conclude that the allegations regarding the commission of a tort in Texas are sufficient to bring Nawracaj within the reach of the long-arm statute. *See Tempest Broad. Corp. v. Imlay*, 150 S.W.3d 861, 872 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (holding jurisdictional facts alleged in pleadings were sufficient to support exercise of long-arm jurisdiction without deciding the merits of those allegations). Genesys alleged in its third amended petition that Nawracaj committed a tort, in whole or in part, in

Texas while representing Genesys in the Comerica litigation in federal court in Texas. Genesys asserted that Nawracaj negligently supervised the Travis firm (which performed substandard work), failed to monitor the firm's billings, and made misrepresentations to Genesys regarding the Travis firm's invoices. More specifically, in pleading its tort claims for negligence, breach of fiduciary duty, negligent misrepresentation, and fraud, Genesys included the following allegations:

- Travis and Nawracaj fell below the standard of care for attorneys practicing law in Texas, and their conduct was a proximate and/or producing cause of [Genesys's] losses and damages .... Travis and Nawracaj violated the following Texas Bar Rules: Rule 1.01 Competent & Diligent Representation
 ...
 Rule 1.03 Communication
 ...
 Rule 1.06 Conflict of Interest
 ...
 Rule 8.04 Misconduct.
- Travis and Nawracaj breached ... duties of fair dealing and fiduciary duties by ... plac[ing] their interests ahead of [Genesys's] interests by concealing the fact that Travis was billing outside the scope of its agreement with Genesys and by concealing the unnecessary and superfluous work Travis performed [in Texas].
- Travis and Nawracaj failed to timely disclose material facts within their knowledge, including Travis' lack of experience in federal copyright matters and the fact that it was running up bills which it was not timely providing to [Genesys] .... Travis and Nawracaj intended to induce [Genesys] into entering the attorney/client contract and fee agreement by failing to disclose that Travis would be tak-

ing the lead on drafting and preparing documents rather than simply acting as local counsel ....

- Nawracaj made material misrepresentations when he advised [Genesys] not to pay the disputed Travis invoices and that he would take care of it. The representation was false as Nawracaj did not take care of the issue.

Nawracaj argues that simply alleging that a defendant committed a tort in Texas, standing alone, is not sufficient to support the exercise of personal jurisdiction. He relies on *Michiana Easy Livin' Country, Inc. v. Holten*, in which the supreme court stated that jurisdiction cannot "turn on whether a plaintiff merely alleges wrongdoing—... as virtually all will." 168 S.W.3d 777, 791 (Tex. 2005). But the court made this comment in analyzing what due process requires—not what the long-arm statute requires.

■ Although personal jurisdiction must also comport with due process, the initial burden of alleging a cause of action sufficient to confer jurisdiction under the long-arm statute is met by alleging that a tort was committed, in whole or in part, in Texas. *Moncrief Oil*, 414 S.W.3d at 149; *Michiana*, 168 S.W.3d at 788 ("Allegations that a tort was committed in Texas satisfy the Texas Long–Arm Statute, but not necessarily the U.S. Constitution ...."). As counter-plaintiff, Genesys bore the initial burden of pleading sufficient allegations to bring Nawracaj, a nonresident defendant, within the provisions of the Texas long-arm statute. *See Huynh v. Nguyen*, 180 S.W.3d 608, 619–20 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (describing plaintiff's initial jurisdictional burden as a "minimal pleading requirement"); *see also BMC Software*, 83 S.W.3d at 793.

■ When the plaintiff's initial burden is met, the burden shifts to the defendant

to negate all bases for personal jurisdiction the plaintiff pled. *Moncrief Oil,* 414 S.W.3d at 149. Rather than attempting to negate Genesys's factual allegations, Nawracaj disputes that Genesys's allegations legally support the exercise of personal jurisdiction. We address below whether the exercise of personal jurisdiction over Nawracaj is consistent with due process. Because Nawracaj failed to negate Genesys's alleged basis for personal jurisdiction, the long-arm statute has been satisfied, and we overrule Nawracaj's first issue.

### III. Texas's exercise of personal jurisdiction over Nawracaj satisfies the requirements of due process.

██ Exercising personal jurisdiction over nonresident defendants comports with due process when two conditions are met: (1) the defendant has minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *BMC Software,* 83 S.W.3d at 795 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). In his second issue, Nawracaj argues that neither condition is met here.

### A. Nawracaj had minimum contacts with Texas that relate to Genesys's claims.

██ We begin our analysis with the requirement of minimum contacts, the touchstone of which is purposeful availment. *Nogle & Black Aviation,* 290 S.W.3d at 281. The defendant's actions must show that it purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *See Michiana,* 168 S.W.3d at 784–85. This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of

'random,' 'fortuitous,' or 'attenuated' contacts," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)), or the "'unilateral activity of another party or third person.'" *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). What is important is the quality and nature of the defendant's contacts with the forum state rather than the number of contacts. *Am. Type Culture Collection,* 83 S.W.3d at 806. The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must support a conclusion that he reasonably could anticipate being called into a Texas court. *Id.* (citing *World–Wide Volkswagen Corp,* 444 U.S. at 297, 100 S.Ct. 559).

██ A defendant's contacts can give rise to either general or specific jurisdiction. General jurisdiction is based on continuous and systematic contacts with Texas. *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 575 (Tex. 2007). Specific jurisdiction is established if the plaintiff's claims arise from or relate to the defendant's purposeful contacts with Texas. *Kelly v. Gen. Interior Const., Inc.,* 301 S.W.3d 653, 658 (Tex. 2010). Put another way, there must be a substantial connection between the defendant's contacts with Texas (considered collectively) and the operative facts of the litigation. *Waller Marine, Inc.,* 463 S.W.3d at 620.

██ Genesys alleges that the trial court has specific jurisdiction over its claims against Nawracaj based on his activities relating to the Comerica litigation in Texas.[4] For his part, Nawracaj does not

---

4. No party has contended that we should analyze jurisdiction over each claim separately, and we agree that such an analysis is not required in this case because all of the claims arise from the same forum contacts. *Moncrief Oil Int'l, Inc.,* 414 S.W.3d at 150–51.

dispute that the claims arise out of or relate to his representation of Genesys in the Comerica litigation. Instead, he argues that his representation was not sufficiently connected to Texas to support jurisdiction over Genesys's claims. Accordingly, we focus on Nawracaj's activities and expectations in deciding whether due process allows a Texas court to exercise specific jurisdiction over those claims. *See Tempest Broad. Corp.,* 150 S.W.3d at 875.

The evidence before the trial court shows that Nawracaj purposefully availed himself of the privilege and financial benefit of practicing law in Texas on behalf of his client Genesys. One of Nawracaj's most significant Texas contacts is his application for admission to practice in the U.S. District Court for the Northern District of Texas *pro hac vice,* stating that he had been retained to provide legal representation for Genesys in its cases pending in that district. His application, which the court granted, permitted him to practice law in Texas for all matters concerning the federal litigation.

As a result of his *pro hac vice* admission to represent Genesys in Texas, Nawracaj could anticipate litigation in Texas arising from or related to his representation. Nawracaj agreed to be bound by the local rules of the Northern District of Texas and to comply with the standards of practice adopted in *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n,* 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), as well as the Texas Disciplinary Rules of Professional Conduct. Disciplinary Rule 8.05(a) states:

> A lawyer is subject to the disciplinary authority of this state, if ... admitted by a court of this state for a particular proceeding. In addition to being answerable for his or her conduct occurring in this state, any such lawyer also may be disciplined here for conduct occurring in another jurisdiction or resulting in lawyer discipline in another jurisdiction ...

Tex. Disciplinary Rules of Prof'l Conduct R. 8.05(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

In oral argument, Nawracaj conceded that he practiced law in Texas and was therefore subject to the federal court's power to sanction him and the State Bar of Texas's authority to discipline him in Texas for violating its disciplinary rules. Because Nawracaj's admission to practice in Texas is sufficient to give a state district court personal jurisdiction over a disciplinary petition against him for failing to provide his client competent and diligent representation, that court should likewise have jurisdiction over a malpractice suit by Nawracaj's client alleging (among other things) lack of competence and diligence. *See Jackson v. Kincaid,* 122 S.W.3d 440, 449 (Tex. App.–Corpus Christi 2003, pet. granted, judgm't vacated w.r.m.) (concluding that nonresident counsel, "in purposefully availing themselves of the privilege of appearing before a Texas court [*pro hac vice*], expressly invoked the benefits and protections of the laws of Texas in the form of the Texas disciplinary rules").

In addition, Nawracaj's role in the Comerica litigation in Texas was substantial and beneficial. Nawracaj admitted to handling over 90% of the work in the litigation, filing most of the pleadings, and drafting all of them. Nawracaj also billed Genesys over $31,000 for his work on the litigation. These contacts show that Nawracaj purposefully availed himself of the privilege of representing a client in Texas and sought to benefit from doing so. *See Mountain States Employers Council, Inc. v. Cobb Mech. Contractors, Inc.,* No. 02-07-00462-CV, 2008 WL 2639711, at *7 (Tex. App.–Fort Worth July 3, 2008, no pet.) (mem. op.) (holding nonresident counsel "invoked the benefits and protections of Texas law" by filing documents in an ad-

ministrative proceeding in Texas, that counsel's contacts were purposeful, and that counsel "sought some benefit ... by availing themselves of the opportunity to represent [their clients] in Texas").

Nawracaj contends that personal jurisdiction is nevertheless improper because he never physically visited the federal court in Texas and instead associated a Texas law firm as local counsel. But the physical location where Nawracaj prepared the legal documents he filed with the Texas court is not dispositive. *See Burger King Corp.*, 471 U.S. at 476, 105 S.Ct. 2174 ("Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State."); *Rowland & Rowland, P.C. v. Texas Employers Indem. Co.*, 973 S.W.2d 432, 436 (Tex. App.–Austin 1998, no pet.) ("... the mere fact that [the defendant] is not physically located in Texas is not persuasive in deciding personal jurisdiction.").

Moreover, Nawracaj established additional contacts with Texas by recruiting a Texas firm to serve as local counsel and supervising its work. Nawracaj states in his affidavit that he retained the Travis firm on Genesys's behalf to serve as local counsel in the Comerica litigation. After researching Texas firms and communicating with the Travis firm, Nawracaj recommended that Genesys retain the firm and negotiated the rate that the firm would charge. The Travis firm's work in the Comerica litigation was performed exclusively in Texas. Nawracaj sought out the Travis firm to sponsor his *pro hac vice* application, and he routinely communicated with the firm throughout the litigation. Nawracaj also profited from the Travis firm's role as local counsel: he billed Genesys for the time he spent searching for counsel in Texas and working with the firm. Genesys's claims arise in part from Nawracaj's monitoring of the Travis firm's legal work and billing. This substantial relationship between Nawracaj and the Travis firm's work in Texas further supports a finding of purposeful availment. *Cf. Nogle & Black Aviation*, 290 S.W.3d at 283, 286 (holding nonresident company purposefully availed itself of engineering work by Texas resident it selected even if resident was hired by another corporation).

In support of his position, Nawracaj cites *Star Technology, Inc. v. Tultex Corp.*, 844 F.Supp. 295 (N.D. Tex. 1993). In that case, the non-resident attorney, who was admitted *pro hac vice*, filed pleadings in a lawsuit in Dallas and traveled there twice to represent his client. *Id.* at 298. The opposing party in that litigation later sued the attorney for conspiracy to commit tortious acts, and the attorney moved to dismiss for lack of personal jurisdiction. *Id.* at 296–97. The court held that these contacts were insufficient to confer specific personal jurisdiction and noted that other than the Texas contacts just described, the attorney's representation occurred in Washington, D.C., with the remainder handled by local counsel. *Id.* The court also held that the plaintiff's allegation of conspiracy, alone, did not support the court's exercise of jurisdiction absent minimum contacts. *Id.* at 299.

*Star Technology* differs from this case in significant ways. The plaintiff in *Star Technology* sued the opposing party's former counsel for conspiracy to commit tortious acts. *Id.* at 296. The only contacts the plaintiff could point to in support of specific jurisdiction were those the attorney made in connection with his former representation of the opposing party. *Id.* at 298. As those contacts did not form a part of the alleged conspiracy, they did not establish minimum contacts with the State of Texas. *Id.* at 298–99.

Here, Genesys is suing its own attorney, and its causes of action against Nawracaj involve legal malpractice and other tortious conduct directly related to his representation of Genesys in a Texas suit. Specifically, Genesys alleges Nawracaj violated the Texas Disciplinary Rules, failed to monitor and supervise the work the Travis firm performed in Texas, and made misrepresentations about the legal work he filed in a Texas court and, in other instances, legal work performed by the Travis firm in Texas. Accordingly, we hold that there is a substantial connection between Nawracaj's Texas contacts and the operative facts of the litigation.

## B. The exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

 Having concluded that Nawracaj's Texas contacts are sufficient to confer specific jurisdiction over Genesys's claims, we must now decide whether the trial court's assertion of personal jurisdiction comports with traditional "notions of fair play and substantial justice." *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991). In making this determination, we consider the following factors: (1) the burden on the defendants; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental, substantive social policies. *Id.* at 231. It is the defendant's burden to present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174. Only in rare cases will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident

defendant has purposefully established minimum contacts with the forum state. *Id.* at 476–77, 105 S.Ct. 2174; *see also Schlobohm v. Schapiro*, 784 S.W.2d 355, 357–58 (Tex. 1990) (observing that because the minimum-contacts analysis encompasses so many fairness considerations, it has become less likely that an exercise of jurisdiction will fail the fair-play analysis).

 Nawracaj argues that the exercise of personal jurisdiction in this case does not comport with traditional notions of fair play and substantial justice because he did not intend for his representation of Genesys to subject him to jurisdiction in Texas. As proof of his intent, he points to the engagement agreement between Genesys and him that contains what he describes as a "mandatory and exclusive venue-selection clause that is based in Illinois." The clause provides that any dispute concerning Nawracaj and Genesys's attorney-client relationship shall be submitted to binding arbitration before the American Arbitration Association in Chicago, Illinois. Based on this clause, Nawracaj argues that he never expected to be called into a Texas court.

 Nawracaj's argument is misplaced because courts analyzing personal jurisdiction focus on the defendant's contacts, not what it "thought or intended." *Moncrief Oil*, 414 S.W.3d at 154 (holding defendants' subjective intent solely to discuss settlement of business dispute did not negate their intentional travel to Texas for two meetings in which they accepted the alleged trade secrets from another party). In *Michiana*, the defendant cited a similar forum-selection clause as a basis for granting its special appearance. 168 S.W.3d at 792. The supreme court rejected this argument, holding that a forum-selection clause does not foreclose the possibility that the defendant had minimum contacts elsewhere. *Id.* As the supreme court explained,

the clause generally "operates as consent to jurisdiction in one forum, not proof that the Constitution would allow no other." *Id.* Regardless of the clause's enforceability in this case (an issue not before us), it does not prevent the exercise of personal jurisdiction in Texas. To the contrary, the clause contemplates that Nawracaj may seek to enforce it by obtaining "provisional relief in any court of competent jurisdiction."

Several considerations also weigh in favor of the trial court's assertion of specific personal jurisdiction over the claims against Nawracaj. The State of Texas has a substantial interest in ensuring that attorneys who represent parties in Texas courts properly discharge their duties. Here, Nawracaj agreed to represent Genesys in a Texas court through *pro hac vice* admission, and the allegations against him arise from his work on this Texas case. *See Rowland*, 973 S.W.2d at 436. Nawracaj's lack of a physical presence in Texas and any inconvenience he may face attending a trial in this State are not alone sufficient to defeat personal jurisdiction. *See Moncrief Oil*, 414 S.W.3d at 155. Finally, litigating this case in Texas, where the underlying lawsuit occurred and the Travis firm (Nawracaj's co-defendant) is located, furthers the interstate justice system's interest in obtaining the most efficient resolution of controversies. Illinois has no connection to the federal litigation other than the fact that Nawracaj is licensed there. Litigating separate cases in both Texas and Illinois would duplicate costs and unnecessarily burden the courts and the parties.

Accordingly, we hold that the exercise of specific personal jurisdiction over Nawracaj comports with traditional notions of fair play and substantial justice. Nawracaj's second issue is overruled.

## CONCLUSION

Having overruled Nawracaj's two issues, we affirm the trial court's order denying the special appearance and remand the case to the trial court for further proceedings consistent with this opinion.